UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMME CAROLINA S. G.,[1] | No.  1:26-cv-00225-JLT-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| v. | **[10-DAY DEADLINE]** |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Aimme Carolina S. G. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 12, 2026. (Doc. 1.) She is a citizen of Venezuela who entered the United States on or about June 5, 2022, without inspection. (Doc. 1 at ¶ 31.) She was briefly detained by Immigration and Customs Enforcement ("ICE") and paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). (Doc. 1 at ¶ 31.) On January 25, 2024, ICE re-detained Petitioner, after she was arrested in Jacksonville, Florida, for battery. (Doc. 1 at ¶ 33.) The charges were later dismissed by the Duval County State Attorney's Office on

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

February 21, 2024. (Id.) On February 28, 2024, the immigration court granted Petitioner a bond in the amount of $6,000, and she was subsequently released from ICE custody. (Id.)

On or about August 30, 2025, ICE re-detained Petitioner. (Id.) Petitioner contends ICE re-detained her without any individualized custody determination and without any changed circumstances in violation of her due process rights.

On February 13, 2026, Respondents filed a motion to dismiss and response to the petition. (Doc. 10.) On February 27, 2026, Petitioner filed a traverse. (Doc. 11.)

As noted by Petitioner, the Court has previously addressed the legal issues raised by the petition. See, e.g., J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). The instant case is materially indistinguishable from the above cases. In their response, Respondents raise the same arguments raised and rejected in the above cases. (Doc. 10.)

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in J.S.H.M. v. Wofford, Ortiz Donis v. Chestnut, and M.R.R. v. Chestnut, the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be

2

captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 10, 2026**                    /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

3